IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERMAN SPEARS, Inmate #N40407,   )<br>                                                            )<br>            **Plaintiff,**                           )<br>                                                            )<br>vs.                                                      )<br>                                                            )<br>ALAN  M.  UCHTMAN,  CRAIG  S. )<br>MITCHELL, SEAN P. FURLOW, and )<br>ANTHONY RAMOS,                          )<br>                                                            )<br>            **Defendants.**                      ) | CIVIL NO. 05-876-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL BACKGROUND

Plaintiff's complaint and supporting exhibits indicate the following. On March 16, 2005, Defendant Furlow filed a disciplinary report against Plaintiff for abuse of privileges for making a prohibited three-way phone call. A disciplinary hearing was held on March 23, 2005, presided over by Defendant Mitchell and Jason Vasquez (not a defendant). Plaintiff was found guilty of the charge and was disciplined with two months in segregation, demotion to c-grade for two months, two months commissary restriction, and one month yard restriction. Defendant Uchtman approved the adjustment committee's findings.

Plaintiff argues that his due process rights were violated in this disciplinary proceeding in that the disciplinary report was written eighteen days after the incident occurred, the report was rewritten in violation of state regulations, and Plaintiff was improperly temporarily confined in segregation. Plaintiff filed grievances regarding the denial of procedural safeguards in the disciplinary hearing. His grievances were successful and the disciplinary report was expunged.

## LEGAL STANDARDS

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for two months in violation of his right to procedural due process.  However, he has no protected liberty interest in remaining in general population.  *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship).  Plaintiff was also demoted to c-grade, denied commissary privilege, and denied yard access.  However, these allegations also do not present a viable constitutional claim.  *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and

cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Without a protected liberty interest, he has failed to state a due process claim and the Court will not go on to evaluate the process he received.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: August 24, 2006**

        **s/ J. Phil Gilbert**
        **U. S. District Judge**